UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HEZEKIAH ESAU BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANSDEV ILE De FRANCE et al.,<br><br>    Defendants. | Case No.  2:24-cv-2411-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1.  Plaintiff's IFP application is complete and granted below.  Plaintiff's Complaint fails to plead facts establishing jurisdiction is properly exercised by this Court.  Even if jurisdiction was pleaded, Plaintiff fails to state a claim upon which relief may be granted.  For these reasons, Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

I.     **Screening Standard**

Upon granting Plaintiff's IFP application the Court must screen his Complaint under 28 U.S.C. § 1915(e)(2).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  In making this determination, the Court treats all allegations of material fact

stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Analysis of Plaintiff's Complaint**

    A.     <u>Plaintiff Fails to Establish Subject Matter Jurisdiction</u>.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases

"where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). Here, as the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Plaintiff's Complaint identifies no cause of action. ECF No. 1-1. There is no alleged violation of the U.S. Constitution; nor is there any alleged violation of a federal status. *Id*. Thus, Plaintiff does not plead a claim establishing federal question jurisdiction. *Id*. Plaintiff also does not establish diversity jurisdiction as Plaintiff is a citizen of Nevada, Defendant Regional Transportation Commission is a Nevada entity, and the individual Defendants employed by RTC are also alleged to be located in Nevada. *Id*. at 3. Plaintiff pleads no facts establishing the RTC or individual Defendants are citizens of a state other than Nevada. In sum, the Court finds Plaintiff does not establish diversity jurisdiction over his claims.

In the absence of federal question or diversity subject matter jurisdiction, Plaintiff's claims cannot proceed in federal court.

B.     <u>Plaintiff Fails to Plead a Discernable Claim</u>.

Rule 8 of the Federal Rules of Civil Procedure requires Plaintiff's Complaint allege sufficient facts to give Defendants fair notice of the claims against them and the grounds upon which such claims rest. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL

6749765, at *4 (E.D. Cal. Dec. 22, 2011). Plaintiff's allegations fails to identify a cause of action and the allegations are not sufficiently understood to allow the Court to discern what claim or claims it is Plaintiff seeks to assert against each Defendant. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. 678 (internal quotation omitted). Plaintiff's Complaint alleges some form of wrongdoing, but fails to put Defendants on notice of the claims against them as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

### III.    Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DENIED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff wishes to file an amended complaint, he must do so no later than **January 29, 2025**. The amended complaint **must** include a clear set of facts establishing subject matter jurisdiction under diversity or federal question. The amended complaint must also include facts identifying what claims Plaintiff is asserting against each Defendant. Plaintiff's amended complaint must be complete in and of itself as the Court cannot refer to the original Complaint when determining whether Plaintiff has met the pleading requirements to proceed in federal court. As an alternative, Plaintiff may wish to proceed in state court where neither federal question nor diversity jurisdiction is needed.

IT IS FURTHER ORDERED that failure to timely comply with the terms of this Order will result in dismissal of this matter in its entirety, but without prejudice.

DATED: January 2, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE