UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEZEKIAH ESAU BAKER,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDEV ILE DE FRANCE, et al.,<br><br>Defendants. | Case No. 2:24-cv-02411-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's First Amended Complaint ("FAC"). ECF No. 6. The Court has reviewed the FAC and finds as follows.

**I.    Screening Standard**

Complaints by pro se plaintiffs proceeding *in forma pauperis* are screened under the standard provided by 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, all or part of a complaint may still be dismissed if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based

on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Discussion

In his FAC, Plaintiff asserts several claims against Defendant Transdev United States, a private company incorporated in Illinois that provides public transportation services in Las Vegas through a contract with the Regional Transportation Commission of Southern Nevada ("RTC"). ECF No. 6 at 1.  The claims arise from a personal injury allegedly suffered by Plaintiff on one of Defendant's buses on December 15, 2024. *Id.* at 2.  As alleged by Plaintiff, the injury was the result of the bus driver suddenly accelerating while Plaintiff was attempting to board the bus, followed almost immediately by a hard stop, which caused Plaintiff to fall. *Id.* Plaintiff describes these actions as a "fail[ure] to act at a level of care that a reasonable person, or [] company" would. *Id.* Plaintiff alleges that he is receiving ongoing treatment, including medication, for this injury. *Id.* at 3.

Based on these allegations, Plaintiff asserts eleven numbered causes of action. *Id.* at 3-5. However, while labeled as individual causes of action, these numbered paragraphs appear to simply restate the factual allegations stated above, and are not labeled with any particular cause of action. *Id.* However, construed liberally, the Court finds that these eleven paragraphs when read together properly state a claim for negligence under Nevada law.  A plaintiff seeking to state a claim for negligence must establish: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages. *Turner v. Mandalay Sports Entm't*, 180 P.3d 1172, 1175 (Nev. 2008). Plaintiff's FAC alleges, at different points, (1) that bus drivers "are not [to] exit bus stop[s] prior to passengers enter[ing] … the body of the bus after crossing the yellow line," ECF No. 6 at 2; (2) that the bus driver here "began exiting the Sunset Road North Bus Stop before Plaintiff crossed the … yellow line" and thereby "fail[ed] to exercise reasonable care," *id.* at 3; (3) that the bus driver's actions were "proximate causes of Plaintiff['s] injuries," *id.* at 4; and (4) "medical records [] attest to Plaintiff's injuries," for which he claims damages in the amount of $400,000. *Id.* at 5-6.  The Court therefore finds Plaintiff has properly pleaded the elements of a negligence claim.

Because Plaintiff's only claim arises under state law, the Court cannot exercise jurisdiction unless there exists complete diversity between the parties and an amount in controversy above

$75,000. 28 U.S.C. § 1332. As stated above, Plaintiff pleads damages for pain and suffering in the amount of $400,000. ECF No. 6 at 6. Plaintiff also represents that he is domiciled in Nevada, and that the sole Defendant is incorporated in Illinois.[1] The Court is thus satisfied, at this juncture, that subject matter jurisdiction over Plaintiff's claim is properly exercised. Because the alleged acts giving rise to the claim occurred entirely within Nevada, the Court also has personal jurisdiction over Defendant. *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that this action will proceed as a negligence claim against Defendant Transdev United States.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff one USM-285 form together with a copy of this Order.

IT IS FURTHER ORDERED that Plaintiff must complete the USM-285 form for Defendant Transdev United States, to the best of his ability, and return the same to the U.S. Marshal at the following address:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

Plaintiff may wish to consult the Nevada Secretary of State's Business Entity Search website to find the resident agent for Transdev United States upon whom service of the Summons and First Amended Complaint must be made.

IT IS FURTHER ORDERED that Plaintiff must return the USM 285 form to the U.S. Marshal no later than **June 19, 2025**.

IT IS FURTHER ORDERED that the Clerk of Court is to issue a summons for Transdev United States and deliver the same, together with a copy of this Order and Plaintiff's First Amended Complaint (ECF No. 6), to the U.S. Marshal for service.

---

[1] Although Plaintiff mentions Transdev USA's parent company and RTC at different points, *see, e.g.*, ECF No. 6 at 1, he does not seem to state any claims against them. The Court therefore construes his FAC to state a single claim against Transdev USA, between whom and Plaintiff there is complete diversity.

1  IT IS FURTHER ORDERED that the Clerk of Court must attempt to effect service of the Summons, Plaintiff's First Amended Complaint, and this Order on Defendant Transdev United States no later than twenty-one (21) days after receipt of the completed USM-285 form from Plaintiff.

IT IS FURTHER ORDERED that Plaintiff will serve Defendant or, if appearance is entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff must include with each original paper submitted for filing a certificate of service stating the date that a true and correct copy of the document was mailed to Defendant or Defendant's counsel. The Court may disregard any paper received by a district or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk that fails to include a certificate of service.

Dated this 19th day of May, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE