**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HEZEKIAH ESAU BAKER,

                     Plaintiff,

      vs.

TRANSDEV UNITED STATES.,

                     Defendant.

Case No.: 2:24-cv-02411-GMN-EJY

**ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is Defendant Transdev Services, Inc.'s Motion to Dismiss, (ECF No. 33). Plaintiff Hezekiah Esau Baker, appearing *pro se*, did not file a Response. Further pending before the Court is the Motion for Default Judgment, (ECF No. 49), filed by Plaintiff. Defendant filed a Response, (ECF No. 50), to which Plaintiff filed a Reply, (ECF No. 51). Also pending before the Court is the Motion to Withdraw from Jury Proceedings, (ECF No. 56), filed by Plaintiff. Defendant filed a Response, (ECF No. 58), to which Plaintiff filed a Reply, (ECF No. 61). Additionally pending before the Court are the Objection to Magistrate Judge Order Denying Motion for Hearing, (ECF No. 21), and Objection to Magistrate Judge Order Granting Motion to Withdraw, (ECF No. 35), filed by Plaintiff.

For the reasons discussed below, the Court GRANTS Defendant's Motion to Dismiss, and DENIES all other pending motions.

**I.     BACKGROUND**

This case arises from a personal injury allegedly suffered by Plaintiff on one of Defendant's buses on December 15, 2024. (First Amended Complaint ("FAC") at 2, ECF No. 6). As alleged by Plaintiff, the injury was the result of the bus driver suddenly accelerating while Plaintiff was attempting to board the bus, followed almost immediately by a hard stop,

which caused Plaintiff to fall. (*Id.*).  Plaintiff describes these actions as a "fail[ure] to act at a level of care that a reasonable person, or [] company" would. (*Id.*).  Plaintiff alleges that he is receiving ongoing treatment, including medication, for this injury. (*Id.* at 3).  Plaintiff's FAC asserts eleven numbered causes of action against Defendant Transdev, (*see* FAC at 3–5), which United States Magistrate Judge Elayna J. Youchah construed as a single cause of action for negligence under Nevada law. (*See* Order Screening FAC 2:16–17, 3:8–9, ECF No. 22).  Defendant now moves to dismiss Plaintiff's claim for punitive damages. (Mot. Dismiss 10:1–2, ECF No. 33).

## II.     <u>LEGAL STANDARD</u>

### A. Motion to Dismiss

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by

amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. Objections to Magistrate Judge Orders

When reviewing the order of a magistrate judge, the order should be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ-NJK, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (citation omitted).  When a district judge reviews a magistrate judge's order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted).  The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

### C. Motion for Default Judgment

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. FRCP 55(a). Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.*

After the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b).  Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true, except those relating to the amount of damages.  *See TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

**III.    DISCUSSION**

The Court first addresses Defendant's Motion to Dismiss, and then discusses each of Plaintiff's pending motions in turn.

**A.  Defendant's Motion to Dismiss**

Defendant argues that Plaintiff fails to plead factual allegations that establish a claim for punitive damages under Nevada law. (Mot. Dismiss 8:5–10:2).  Plaintiff did not file a response, which constitutes consent to the granting of the motion under Local Rule 7-2(d). LR 7-2(d). However, in his Reply in support of his Motion for Default Judgment, Plaintiff asserts that he was not properly served with a copy of the Motion to Dismiss, a fact which Defendant admits in its Response to Plaintiff's Motion for Default Judgment. (Reply Mot. Default Judgment at 3, ECF No. 51); (Resp. Mot. Default Judgment 2:22–24, ECF No. 50).  Thus, the Court considers the merits of the Motion to Dismiss.

Under Nevada law, "punitive damages are a remedy, not a cause of action." *Thompson v. Progressive Ins. Co.*, 2013 WL 210597, at *2 n.3 (Nev. 2013).  However, a plaintiff must still "plead facts to support an award of punitive damages to maintain a prayer for them in his

complaint and to pursue them at trial." *Bonavito v. Nevada Property 1 LLC*, 2014 WL 1347051, at \*1 (D. Nev. Apr. 2, 2014).  Nevada Revised Statute ("NRS") 42.005 provides that punitive damages are available for torts involving "oppression, fraud, or malice." NRS 42.005(1).  Further, under NRS 42.007, an employer is not liable for punitive damages due to the breach of an obligation by its employee unless:

> (a) The employer had advance knowledge that the employee was unfit for the purposes of employment and employed the employee with a conscious disregard of the rights or safety of others;
> (b) The employer expressly authorized or ratified the wrongful act of the employee for which the damages are awarded; or
> (c)  The employer is personally guilty of oppression, fraud or malice, express or implied.

NRS 42.007(1)(a)–(c).

Here, Plaintiff's FAC is devoid of any factual allegations establishing that any of these requirements are met.  Rather, the FAC contains only conclusory assertions that Defendant acted with "malice." (*See* FAC at 1, 3–4).  Mere "labels and conclusions" are insufficient to establish a claim on which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, Plaintiff's request for punitive damages is hereby stricken from his FAC.  Further, the Court finds that, even with amendment, the facts surrounding this accident could not support a demand for punitive damages.  Plaintiff alleges no facts suggesting that the driver who caused the accident was unfit for the purposes of employment, and indeed characterizes the accident as caused, in part, by reckless behavior on behalf of another vehicle. (FAC at 4).  Moreover, and it is difficult to imagine that Defendant here expressly authorized the driver to operate the bus in a way meant to injure Plaintiff.  Thus, the Court GRANTS Defendant's Motion to Dismiss with prejudice.

///

///

///

### B. Plaintiff's Objections to Magistrate Judge Orders

Plaintiff raises objections to two of the Magistrate Judge's orders: (1) the Order Denying Plaintiff's Motion for Hearing, (ECF No. 20), and (2) the Order Granting the U.S. Marshall's Motion to Withdraw, (ECF No. 32). The Court addresses each in turn.

### 1. Order Denying Plaintiff's Motion for Hearing

Plaintiff's first objection pertains to his Motion for Hearing, (ECF No. 19), which requested a hearing "for sanctions for [the] misbehavior" of Defendant. (Mot. Hearing at 2, ECF No. 19). Specifically, Plaintiff alleged that Defendant improperly "interfered" while Plaintiff's complaint was still being screened, citing a letter sent to Plaintiff by counsel for Defendant. (*Id.*). The Magistrate denied this Motion because, until the Court decided that Plaintiff's FAC asserted a viable claim that could proceed, there was no basis for motion practice. (Order Denying Mot. Hearing, ECF No. 20). In his Objection, Plaintiff merely repeats the assertion that Defendant improperly interfered in the case. (Obj. to Order Denying Mot. Hearing at 2, ECF No. 21). However, Plaintiff fails to raise any argument that the Magistrate's conclusion was clearly erroneous or contrary to law. Indeed, as the Magistrate correctly pointed out, during the screening process, "there is no defendant before the Court," and thus no basis for considering the imposition of sanctions on any defendant. (Order Denying Mot. Hearing). Seeing no basis to find that the Magistrate's Order was clearly erroneous, the Court DENIES Plaintiff's Objection.

### 2. Order Granting Motion to Withdraw

Plaintiff's next objection relates to the Motion to Withdraw, (ECF No. 31), filed by the U.S. Marshall, which requested that the Court withdraw the Summons Returned Unexecuted as to Defendant Transdev, (ECF No. 30), as filed in error. (Mot. Withdraw 1:19–20, ECF No. 31). The Magistrate granted the Motion to Withdraw, explaining that Defendant Transdev had previously been served in the case. (Order Granting Mot. Withdraw, ECF No. 32). In his

Objection, Plaintiff asserts that he did not file the Motion to Withdraw and argues that a copy of the Magistrate's Order was impermissibly sent to Defendant. (Obj. to Order Granting Mot. Withdraw at 1–2, ECF No. 35).  Plaintiff contends that, under 28 U.S.C. § 1915, the screening process is a "private proceeding" to which Defendant was "not invited," thus rendering their receipt of the Magistrate's Order improper. (*Id.* at 2).  However, the screening process concluded when the Magistrate entered the Screening Order one month prior to her Order Granting the Motion to Withdraw. (*See* Order Screening FAC).  Indeed, as the Magistrate explained, Defendant had already been properly served and was thus entitled to receive notice of her Order. (Order Granting Mot. Withdraw).  Thus, finding that the Magistrate's Order was not clearly erroneous or contrary to law, the Court DENIES Plaintiff's second Objection.

### C. Plaintiff's Motion for Default Judgment

Plaintiff moves the Court to enter default judgment under FRCP 55(b) against Defendant, contending that it has failed to answer or otherwise defend Plaintiff's FAC. (Mot. Default J. at 1, ECF No. 49).  In Response, Defendant first argues that it timely responded to Plaintiff's FAC by filing its Motion to Dismiss on June 30, 2025. (Resp. Mot. Default J. 2:17–20).  Defendant further argues that the *Eitel* factors do not weigh in favor of entering default judgment. (*Id.* 3:18–4:23).  In Reply, Plaintiff contends that he was never served with a copy of Defendant's Motion to Dismiss and asserts that this defect in service justifies the entry of a default judgment against Defendant. (Reply Mot. Default J. at 3).

FRCP 55 sets out a two-step process for obtaining a default judgment: first, a party must obtain entry of default from the clerk of court, and thereafter may move for entry of a default judgment. Fed. R. Civ. P. 55(a)–(b).  Here, Plaintiff failed to move for entry of default prior to filing his Motion for Default Judgment.  Thus, because Plaintiff has not satisfied the requirements of FRCP 55, the Court DENIES his Motion for Default Judgment.

///

**D. Plaintiff's Motion to Withdraw from Jury Proceedings**

Plaintiff moves to withdraw his previous demand for a jury trial in his FAC, arguing that a bench trial would more efficiently resolve his claim. (Mot. Withdraw Jury at 3, ECF No. 56); (*see* FAC at 6).  Defendant thereafter filed a Demand for Jury Trial, (ECF No. 57), and again explicitly invoked its right to a jury trial in its Response to Plaintiff's Motion. (Resp. Mot. Withdraw Jury 2:20–22, ECF No. 58).  In Reply, Plaintiff contends that because the Court has diversity jurisdiction over this case, it can only apply Nevada law, and thus the Seventh Amendment does not apply. (Reply Mot. Withdraw Jury at 10, ECF No. 61).

FRCP 38(d) states that a party can only withdraw its demand for a jury trial if it has the consent of all parties. Fed. R. Civ. P. 38(d).  Here, Defendant has not provided that consent, demonstrated by its two separate demands for a jury trial. (Demand for Jury Trial at 1); (Resp. Mot. Withdraw Jury 2:20–22).  The right to a jury trial is available to all parties; a waiver by one party cannot bind another. *Versace v. Awada*, 2009 WL 10673371, at *7 (C.D. Cal. Sept. 4, 2009).  Therefore, the Court DENIES Plaintiff's Motion to Withdraw Jury Proceedings.

**IV.   CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 33), is **GRANTED**.  To the extent that Plaintiff's FAC contains any demand for punitive damages, that demand is hereby **STRICKEN** from Plaintiff's FAC **with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Magistrate Judge Order Denying Motion for Hearing, (ECF No. 21), and Objection to Magistrate Judge Order Granting Motion to Withdraw, (ECF No. 35), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 49), is **DENIED**.

///

///

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw Jury Proceedings, (ECF No. 56), is **DENIED**.


**DATED** this __6__ day of February, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court